# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4915-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.R.,

     Defendant-Appellant.

_____

Submitted October 7, 2020 – Decided July 1, 2021

Before Judges Ostrer and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 10-09-1556.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant J.R.[1] appeals from the denial of his petition for post-conviction relief (PCR), contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. Because the trial judge correctly determined the evidence insufficient to sustain defendant's burden, we affirm.

A jury convicted defendant of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); second-degree sexual assault, N.J.S.A. 2C:14-2(b); and fourth-degree child abuse, N.J.S.A. 9:6-1 and 9:6-3, against the daughter of his step-son. State v. J.R., 227 N.J. 393, 403 (2017). The offenses occurred when the child was between ten- and twelve-years-old. Ibid. The child confided in her slightly-older brothers that "grandpa" was touching her, and one of them eventually told their mother, prompting defendant's arrest. Ibid.

At trial, the State presented the testimony of an expert in Child Sexual Abuse Accommodation Syndrome (CSAAS) to explain the child's delay in reporting the abuse. Defendant had tried to block that testimony, but the trial court denied his pre-trial motion to exclude it. On direct appeal, we determined

[1] We use defendant's initials to protect the privacy of the minor victim. See R. 1:38-3(c)(9).

the testimony exceeded the permissible bounds of CSAAS testimony, and because the case turned almost exclusively on the credibility of the minor victim, found the error could not be dismissed as harmless. Id. at 407.

The Supreme Court reversed. Id. at 400. Although agreeing with us that the CSAAS testimony "did not entirely conform to the limitations placed on CSAAS evidence" in the Court's prior holdings, it deemed the error harmless in light of the victim's "compelling testimony" and the State's impeachment of defendant's credibility on cross-examination. Ibid. Further, although signaling its willingness to consider the argument raised by the Office of the Public Defender appearing as amicus curiae — that CSAAS evidence is demonstrably unreliable and thus inadmissible under N.J.R.E. 702 — it declined to do so in this case, explaining that an amicus must accept the case as framed by the parties. J.R., 227 N.J. at 421. Because defendant had not raised the issue, the Court determined it must await the day when a defendant raises the issue in the trial court, which would then "be in a position to hold a pretrial hearing pursuant to N.J.R.E. 104, consider the scientific evidence presented by both sides, and generate an appropriate record for appellate review." Ibid.

The Court remanded the case to us to consider defendant's remaining arguments — that the court erred in admitting the victim's hearsay statements to

3

the State's medical expert; in failing "to conduct voir dire or investigate an irregularity involving a minor"; and in denying defendant's motion for a new trial; that prosecutorial misconduct required the convictions be reversed; that he was entitled to a reversal based on the ineffective assistance of his trial counsel; that the effects of Superstorm Sandy were extraordinary and warranted a mistrial; and that the trial court's improper sentencing analysis resulted in the "imposition of a manifestly excessive sentence." State v. J.R., No. A-6236-12 (App. Div. Aug. 29, 2017) (slip op. at 2).

We considered those arguments and affirmed defendant's conviction and sentence. Id. at 16-17. Although recognizing the "equivocal" nature of why the victim was referred to the State's medical expert, which would impact the admissibility of the statements, see State v. Pillar, 359 N.J. Super. 249, 289 (App. Div. 2003), we deemed any error in admitting the child's hearsay statements harmless in light of "the consistent and compelling testimony of the victim, in contrast to the credibility issues that plagued defendant." J.R., slip op. at 10-11. We likewise rejected defendant's argument that the prosecutor's misconduct deprived him of a fair trial, concluding that "considered in the context of all of the State's evidence, and particularly in light of the victim's credibility, the prosecutor's conduct did not 'substantially prejudice[]

4

defendant's fundamental right to have a jury fairly evaluate the merits of [the] defense.'" J.R., slip op. at 12 (quoting State v. Timmendequas, 161 N.J. 515, 575, cert. denied, 534 U.S. 858 (2001)).

We rejected as without merit defendant's remaining claims as to his conviction, and found the trial court did not abuse its authority in imposing sentence. Id. at 12-16. We declined to consider his ineffective assistance claims on direct appeal. J.R., slip op. at 12; see State v. Preciose, 129 N.J. 451, 460 (1992). Following our decision on remand affirming defendant's conviction and sentence, the Supreme Court denied his petition for certification. State v. J.R., 232 N.J. 305 (2018).

Defendant filed a timely petition for PCR, asserting his trial counsel's hearing impairment caused her to either miss or misinterpret critical testimony and argument by the State; that she unreasonably failed to challenge the reliability of CSAAS testimony under N.J.R.E. 702; failed to correct the false impression created by the prosecutor that defendant had denied to police that the victim ever stayed overnight at his home when his statement proves he told police she had stayed overnight on occasion; failed to confront the victim on cross-examination with an inconsistency in her fresh complaint testimony; failed to give an effective summation; and recast the claims raised on direct appeal

about the State's medical expert; the effect of Superstorm Sandy on the trial and the "irregularity" of the minor victim's contact with a juror as ineffective assistance of both trial and appellate counsel.

In a cogent and comprehensive opinion, Judge Venable addressed and rejected each and every one of those arguments under the Strickland[2] standard. The judge found no basis for trial counsel to have anticipated that the Supreme Court — six years after defendant's trial — would hold in State v. J.L.G., 234 N.J. 265, 272 (2018), "that expert testimony about CSAAS in general, and its component behaviors other than delayed disclosure, may no longer be admitted at criminal trials," or that the opinion would be accorded pipeline retroactivity in State v. G.E.P., 243 N.J. 362, 370 (2020). Beyond finding that trial counsel could not be deemed ineffective for not raising a direct challenge to CSAAS testimony, the judge noted it would have not made any difference if she had mounted that challenge in light of the Court's unequivocal conclusion in this case that "the CSAAS expert's improper statements were not clearly capable of producing an unjust result and do not warrant a new trial." J.R., 227 N.J. at 400; see G.E.P., 243 N.J. at 370 (declining to reverse G.E.P.'s convictions,

_____

[2] Strickland v. Washington, 466 U.S. 668, 693-94 (1984).

A-4915-18

notwithstanding pipeline retroactivity, deeming the CSAAS testimony in his case harmless error).

Judge Venable found defendant's claims with regard to the State's medical expert, the irregularity involving a juror and the delay in the trial caused by Superstorm Sandy not properly before the court as they were raised and decided on direct appeal. See R. 3:22-4. The judge also found defendant failed to identify any instance in which the court could find his counsel's hearing impairment amounted to deficient performance or caused him any prejudice. As to defendant's remaining claims about his counsel's alleged deficient performance, the judge found defendant failed to establish that any, either individually or in the aggregate, substantially affected his chance of conviction. Overarchingly, Judge Venable did not find that defendant's "new claims . . . are sufficient to upset the Supreme Court's calculation of the parties' credibility, or the balance of the evidence evaluated by the Appellate Division and Supreme Court on direct appeal."

We reject defendant's claim that the trial court erred in denying his petition without an evidentiary hearing, and affirm, essentially for the reasons expressed in Judge Venable's June 26, 2019 written opinion. We have nothing to add to her meticulous analysis of the issues.

7

A-4915-18

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                          A-4915-18